UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80560-CIV-MARRA

YOUNGMI CHO and
JAESEOK HWANG,

Plaintiffs,

vs.

ADAM D. FALCON and
RUI FALCON,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court *sua sponte.*

It is axiomatic that federal courts are courts of limited jurisdiction. Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir.2001). Federal courts have "an ever-present obligation to satisfy themselves of their subject matter jurisdiction" and the decision to address that issue *sua sponte* "applies equally in removal cases." Liberty Mutual Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir.1995).

The right of removal is strictly construed, as it is considered a federal infringement on a state's power to adjudicate disputes in its own courts. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). Thus, when the Court's jurisdiction over a case is doubtful, doubts are resolved in favor of remand. See Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir.1998); Crowe v. Coleman, 113 F.3d 1536, 1539 (11th Cir.1997). The removing party has the burden of demonstrating the propriety of removal. Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir.1996).

Here, the Notice of Removal states that the Virginia state court complaint is being removed pursuant to 28 U.S.C. § 1441 under both federal question and diversity jurisdiction. (Notice of Removal ¶ 1.)  According to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Furthermore, as explained by the United States Court of Appeals for the Eleventh Circuit in Cogdell v. Wyeth, there are several prerequisites for removal jurisdiction.  The first prerequisite is that the case originated in state court, the second is that the defendant remove the case to the proper federal district court and the third is that the federal district court have original jurisdiction to entertain the lawsuit. Cogdell v. Wyeth, 366 F.3d 1245, 1248 (11th Cir. 2004).

Here, Defendant has removed a Virginia state case to a Florida federal court, which is clearly not the proper federal district court pursuant to 28 U.S.C. § 1441(a).  That stated, the Court recognizes that this is a procedural defect that does not deprive it of subject-matter jurisdiction. See Peterson v. BMI Refractories, 124 F.3d 1386, 1392-94.   A review of the Virginia state court complaint, however, reveals that there is no original jurisdiction over this action.  This action is essentially a landlord/tenant dispute.  Specifically, the complaint claims Defendants are in material breach of the lease and the complaint seeks an order mandating Defendants to seek resolution of this dispute in Virginia, require the Defendants to make repairs to the home, and to declare the notice given by Defendants to terminate the lease a nullity.  On its face, the Complaint does not give rise to federal question jurisdiction.  See Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006) (a federal question exists when the plaintiff pleads a "colorable

Case 9:11-cv-80560-KAM   Document 4   Entered on FLSD Docket 05/18/2011   Page 3 of 3

Case 9:11-cv-80560-KAM   Document 4   Entered on FLSD Docket 05/18/2011   Page 3 of 3

claim 'arising under' the Constitution or laws of the United States."); 28 U.S.C. § 1331.

Nor does the state court complaint or the Notice of Removal demonstrate diversity jurisdiction pursuant to 28 U.S.C. § 1332. A federal district court is authorized to assert its jurisdiction when the matter in controversy involves "citizens of a State and citizens or subjects of a different state" and "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Where citizenship of the parties is diverse and the amount in controversy is sufficient, a defendant has a right, granted by statute, to remove an action from state court and avail itself of a federal forum. 28 U.S.C. § 1441; Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094-95 (11th Cir.1994). Here, the only evidence before the Court regarding the amount in controversy is the amount of rent, which is stated to be $30,651.52 for the first year of a two-year term. (Compl. ¶ 2.) Clearly, then, the Court cannot satisfy itself that diversity jurisdiction exists in this case.

For all the foregoing reasons, this case must be remanded back to state court. Accordingly, it is hereby **ORDERED AND ADJUDGED** that this matter is **REMANDED** to the Fairfax County Circuit Court of the State of Virginia. All pending motions are denied as moot and the Clerk shall close this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of May, 2011.

_____
KENNETH A. MARRA
United States District Judge